**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NORMAN SPIEGEL, derivatively on behalf of Nominal Defendant CHESAPEAKE ENERGY CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-12-502-M |
| AUBREY K. MCCLENDON, et al., | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| CHESAPEAKE ENERGY CORPORATION, | ) ) ) | |
| Nominal Defendant. | ) | |

**ORDER**

This shareholder direct and derivative action was filed on May 3, 2012. On May 22, 2012, plaintiffs filed a Motion and Brief in Support of Motion for Preliminary Injunction and for Limited Expedited Discovery. In their motion for limited expedited discovery, plaintiffs request that the documents requested in their document request provided to defendants on May 4, 2012 be produced no later than May 21, 2012 and that the depositions of defendant Aubrey K. McClendon ("McClendon") and that of an officer or director who can testify most knowledgeably as to Chesapeake Energy Corporation's knowledge of McClendon's financial dealings be scheduled no later than May 25, 2012.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). In the exercise of its broad discretion, a court may alter the timing, sequence and volume of discovery. *See* Fed. R. Civ.

P. 26(b)(2) and 26(d).  "However, a party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."  *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).  Further, "[i]n applying the 'good cause' standard under Rule 26(d), the court should consider the scope of the requested discovery."  *Id.* at 420.

Having carefully reviewed plaintiffs' motion, the Court finds that plaintiffs have not met their burden of showing good cause for the expedited discovery.  Having reviewed plaintiffs' document requests, the Court finds that these requests are quite broad and are not narrowly tailored to the specific issues to be addressed at the preliminary injunction hearing.  Further, the Court finds that in their motion plaintiffs make the general, conclusory assertion that good cause exists for the expedited discovery and that they will be prejudiced without said discovery; however, plaintiffs provide absolutely no specifics as to how they would be prejudiced or how the requested discovery would allow them to establish likelihood of irreparable harm, the stated purpose for the discovery.[1]

Accordingly, the Court DENIES plaintiffs' motion for limited expedited discovery [docket no. 6].

**IT IS SO ORDERED this 23rd day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]In fact, the document requests do not appear to seek information that would be pertinent to establish the likelihood of irreparable harm.

2